JS 44 (Rev. 06/17)    **JHS**    **CIVIL COVER SHEET**    17-Q-3754

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17  3754

### I. (a) PLAINTIFFS
John Rider

### DEFENDANTS
John Sauls, et al.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Union County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Valerie A. Pedicone, Esq., Spivack & Spivack
1528 Walnut Street, Suite 710
Philadelphia, PA 19102    (215) 546-0005

Attorneys *(If Known)*
Matthew J. McColgan, Esq., German, Gallagher & Murtagh
200 S. Broad Street, Suite 500
Philadelphia, PA 19102    (215) 545-7700

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1441 and 1446
Brief description of cause:
Plaintiff claims an alleged MVA caused his personal injuries.

### VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 50,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/22/2017
SIGNATURE OF ATTORNEY OF RECORD: /s/ Matt McC

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AUG 22 2017

UNITED STATES DISTRICT COURT

APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

17  3754

Address of Plaintiff: 2608 S. Sylmer Street, Philadelphia, PA 19102

Address of Defendant: 1-71 North Avenue East, Elizabeth, NJ 07201

Place of Accident, Incident or Transaction: 9300 Ashton Road, Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☐     No X

Does this case involve multidistrict litigation possibilities?     Yes ☐     No ☒
RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

Civil Cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐     No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐     No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐     No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐     No X

CIVIL: (PLACE √ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I,_____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

Date: _____  _____  _____
                          Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: 8/22/17   _____   319484

1511766_1                                   AUG 22 2017

FOR THF
assignr

Ad

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN RIDER | : | CIVIL ACTION |
| v. | : | |
| JOHN SAULS, et al. | : | NO. 17  3754 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 8/22/17 | Matthew J. McColgan, Esq. | Defendants |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7700 | (215) 732-4182 | mccolganm@ggmfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 22 2017



$400

**JHS**

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN RIDER** <br> 2608 S. Sylmer Street <br> Philadelphia, PA  19142 <br><br> v. <br><br> **JOHN SAULS (sometimes referred to as John Saul)** <br> 1-71 North Avenue East <br> Elizabeth, NJ  07201 <br> And <br> **NEW ENGLAND MOTOR FREIGHT** <br> 1-71 North Avenue East <br> Elizabeth, NJ  07201 <br> And <br> **NEW ENGLAND MOTOR FREIGHT LOGISTICS** <br> 1-71 North Avenue East <br> Elizabeth, NJ  07201 <br> And <br> **NEW ENGLAND MOTOR FREIGHT WORLD TRANSPORT** <br> 1-71 North Avenue East <br> Elizabeth, NJ  07201 <br> And <br> **EASTERN FREIGHT WAYS, INC.** <br> 1-71 North Avenue East <br> Elizabeth, NJ  07201 <br> And <br> **CARRIER INDUSTRIES, INC.** <br> 1-71 North Avenue East <br> Elizabeth, NJ  07201 <br> And <br> **APEX LOGISTICS** <br> 1-71 North Avenue East <br> Elizabeth, NJ  07201 | **CIVIL ACTION** <br><br> **DOCKET NO.** <br> 17  3754 <br> **JURY TRIAL DEMANDED** |

### NOTICE OF REMOVAL OF DEFENDANTS

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1511691v1

Pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446, Defendants, John Sauls, New England Motor Freight, New England Motor Freight Logistics, New England Motor Freight World Transport, Eastern Freight Ways, Inc., Carrier Industries, Inc. and Apex Logistics (hereafter "Defendants") hereby file this Notice of Removal of this cause from the Court of Common Pleas, Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. The grounds for removal are as follows:

## INTRODUCTION

1. On or about July 26, 2017, Plaintiff, John Rider (hereinafter "Plaintiff") commenced this action by filing a Complaint in Philadelphia Court of Common Pleas naming Defendants as the only defendants. The action was docketed with a case identification number of 170702782.

2. Pursuant to 28 U.S.C. 1446(a) a copy of all Process and Pleadings served upon Defendants (the Complaint and Notice to Defend) filed in the Philadelphia Court of Common Pleas are attached hereto and marked collectively as Exhibit "A."

3. In his Complaint, Plaintiff alleges that Defendants operated and reversed a commercial truck into a parked, commercial truck which Plaintiff occupied causing certain injuries. Plaintiff makes claims of negligence and negligent entrustment and hiring. See Exhibit A.

4. Plaintiff contends that this alleged motor vehicle accident caused him to suffer "serious and permanent personal injuries" which include left shoulder injuries, neck injuries, back injuries, as well as serious impairments of bodily functions and/or permanent serious

disfigurement and/or aggravation of pre-existing conditions, and other ills and injuries. See Exhibit A, at ¶ 20.

## DIVERSITY JURISDICTION EXISTS

5. This suit is an action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one that may be removed to this Court under the provisions of Title 28, United States Code, Sections 1441 and 1446.

6. Plaintiff has alleged in his Complaint that he resides at 2608 S. Sylmer Street, Philadelphia, Pennsylvania 19142. See Exhibit A, at ¶ 1. Plaintiff is therefore a citizen of Pennsylvania for purposes of determining diversity jurisdiction.

7. Defendant, New England Motor Freight, Inc. (incorrectly identified as "New England Motor Freight Logistics, New England Motor Freight World Transport, Eastern Freight Ways, Inc., Carrier Industries, Inc. and Apex Logistics") is a New Jersey corporation with its principal place of business at 1-71 North Avenue East, Elizabeth, New Jersey 07201. Defendant, John Sauls (incorrectly named as both "John Saul and John Sauls") has a residence located in Palmyra, NJ, 08065. For the purposes of determining diversity, Defendants are deemed to be citizens of New Jersey. 28 U.S.C. §1332(c)(1). Thus, pursuant to 28 U.S.C. §1332(c)(1), diversity jurisdiction exists.

## A NOTICE OF REMOVAL IS TIMELY

8. Pursuant to 28 U.S.C. §1146(b)(1) the Notice of Removal must be filed within thirty (30) days of the date on which the defendant receives the initial pleading setting forth the claim for relief.

9. Defendants were served with Plaintiff's Complaint on August 1, 2017 and therefore this Notice of Removal is timely.

3

## AMOUNT IN CONTROVERSY

10. Plaintiff contends that this alleged motor vehicle accident caused him to suffer "serious and permanent personal injuries" which include left shoulder injuries, neck injuries, back injuries, as well as serious impairments of bodily functions and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and other ills and injuries. See Exhibit A, at ¶ 20. Plaintiff further alleges he has suffered great financial detriment and loss, and has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony, and will continue to suffer same for an indefinite time into the future. Id. at ¶21. He further claims to have suffered emotional injuries and as well as a great loss of earnings and/or earning capacity. Id. at ¶¶22 – 23.

11. While Plaintiff does not state a dollar figure in his Complaint, he does plead damages in excess of the jurisdictional arbitration limit in Philadelphia County of $50,000.00.

12. Upon information and belief, Plaintiff has been paid approximately $40,000.00 in workers' compensation benefits, accruing a lien in the same amount.

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Operating Basin Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). See also Angus v. Shiley, Inc., 989 F.2d 142, 145-146 (3rd Cir. 1993) (the "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

14. Although Defendants deny Plaintiff's allegations and deny that they are liable to Plaintiff, the allegations in the Complaint plainly indicate that the amount in controversy exceeds $75,000.

4

1511691v1

15. This Court has original jurisdiction over this matter pursuant to 28 U.S.C.§ 1332(a) because the amount of controversy, exclusive of interest and costs, exceeds $75,000.00.

### REMOVAL IS OTHERWISE PROPER

16. Written notice of the filing of the Notice of Removal will be promptly served on plaintiff's counsel and a copy will be promptly filed with the Clerk of Common Pleas of Philadelphia County, pursuant to 28 U.S.C. § 1446 (d).

**WHEREFORE**, Defendants John Sauls, New England Motor Freight, New England Motor Freight Logistics, New England Motor Freight World Transport, Eastern Freight Ways, Inc., Carrier Industries, Inc. and Apex Logistics respectfully request that this matter be removed to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas, Philadelphia County, Pennsylvania.

**GERMAN, GALLAGHER & MURTAGH**

By: /s/ Gary R. Gremminger
GARY R. GREMMINGER, ESQUIRE
MATTHEW J. MCCOLGAN, ESQUIRE
*Attorneys for Defendants*
*John Sauls, New England Motor Freight,*
*New England Motor Freight Logistics, New*
*England Motor Freight World Transport,*
*Eastern Freight Ways, Inc., Carrier*
*Industries, Inc. and Apex Logistics*

## CERTIFICATE OF SERVICE

I, Matthew J. McColgan, Esquire, counsel for Defendants hereby certify that a true and correct copy of the foregoing, Notice of Removal of Defendants was served via the Court's Electronic Filing System (ECF) for review to the following:

Valerie A. Pedicone, Esquire
**SPIVACK & SPIVACK, LLC**
1528 Walnut Street, Suite 710
Philadelphia, PA 19102
***Attorney for Plaintiff***

**GERMAN, GALLAGHER & MURTAGH**

By:    */s/ Matthew J. McColgan, Esquire*
       GARY R. GREMMINGER, ESQUIRE
       MATTHEW J. MCCOLGAN, ESQUIRE
       *Attorneys for Defendants*
       *John Sauls, New England Motor Freight,*
       *New England Motor Freight Logistics, New*
       *England Motor Freight World Transport,*
       *Eastern Freight Ways, Inc., Carrier*
       *Industries, Inc. and Apex Logistics*

Date: August 22, 2017

1511691v1

# EXHIBIT A

| | |
|---|---|
| **SPIVACK & SPIVACK, LLC**<br>Valerie A. Pedicone, Esquire<br>Identification No. 90482<br>1528 Walnut Street, Suite 710<br>Philadelphia, PA 19102<br>Phone: (215) 546-0005<br>Fax: (215) 546-5269<br>E-mail: vapedicone@spivackandspivack.com | **THIS IS NOT AN ARBITRATION COMPLAINT**<br>**AN ASSESSMENT OF DAMAGES HEARING**<br>**IS REQUIRED.**<br><br>*Filed and Attested by the Office of Judicial Records 26 JUL 2017 04:0_ pm K. EDWARDS* |
| | **Attorney for Plaintiffs** |

| | |
|---|---|
| JOHN RIDER<br>2608 S. Sylmer Street<br>Philadelphia, Pennsylvania 19142 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v. | JULY TERM, 2017 |
| John Sauls (sometimes referred to as John Saul)<br>1-71 North Avenue East<br>Elizabeth, New Jersey 07201<br>and<br>NEW ENGLAND MOTOR FREIGHT<br>1-71 North Avenue East<br>Elizabeth, New Jersey 07201<br>and<br>NEW ENGLAND MOTOR FREIGHT LOGISTICS<br>1-71 North Avenue East<br>Elizabeth, New Jersey 07201<br>and<br>NEW ENGLAND MOTOR FREIGHT WORLD TRANSPORT<br>1-71 North Avenue East<br>Elizabeth, New Jersey 07201<br>and<br>EASTERN FREIGHT WAYS, INC.<br>1-71 North Avenue East<br>Elizabeth, New Jersey 07201<br>and<br>CARRIER INDUSTRIES, INC.<br>1-71 North Avenue East<br>Elizabeth, New Jersey 07201<br>and<br>APEX LOGISTICS<br>1-71 North Avenue East<br>Elizabeth, New Jersey 07201 | NO.: _____ |

Case ID: 170702782

## CIVIL ACTION - MOTOR VEHICLE ACCIDENT

### NOTICE TO DEFEND

*You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your Defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.*

*YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.*

*THE PHILADELPHIA COUNTY BAR ASSOCIATION*
*Lawyer's Referral & Information Service*
*1101 Market Street, 11th Floor*
*Philadelphia, Pennsylvania*
*(215) 238-6300*
*TTY (215) 451-6197*

### AVISO

*Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demand. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.*

*LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.*

*ASOCIACION DE LICENCIADOS DE FILADELFIA*
*Servicio De Referencia E. Informacion Legal*
*1101 Market Street, 11th Floor*
*Filadelfia, PA 19107*
*(215) 238-6333*
*TTY (215) 451-6197*

## PLAINTIFF'S COMPLAINT

1. Plaintiff, John Rider, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, John Sauls sometimes referred to as John Saul (hereinafter "John Sauls"), is an adult individual serviced at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, New England Motor Freight (hereinafter "NEMF"), is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4. Upon information and belief, Defendant, New England Motor Freight, Logistics (hereinafter "NEMF Logistics"), is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

5. Upon information and belief, Defendant, New England Motor Freight, World Transport, (hereinafter "NEMF World Transport"), is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

6. Upon information and belief, Defendant, Eastern Freight Ways, Inc., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

7. Upon information and belief, Defendant, Carrier Industries, Inc., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

8. Upon information and belief, Defendant, Apex Logistics, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in

the caption of this Complaint.

9. Defendants, named in paragraphs two (2) through eight (8) above may be collectively referred to as "Defendants" for the entirety of this Complaint.

10. Upon information and belief, it is believed and therefore averred that at all relevant times, Defendants, through their respective and/or shared agent, servant, workman, and/or employee was driving a commercial truck involved in the incident described herein with Defendants' respective and/or shared, express, apparent and/or implied permission, authorization, and/or consent.

11. Upon information and belief, it is believed and therefore averred, that at all relevant times, Defendants, through their agency relationship with their respective and/or shared agent, servant, work-person, and/or employee, was the operator of a commercial truck bearing Maine License Plate Number 2546-142, which was also owned by Defendants.

12. Upon information and belief, it is believed and therefore averred that on or about November 5, 2015, Plaintiff, was the operator of a commercial truck that was parked at a loading dock of Empire Furniture, located at 9300 Ashton Road, Philadelphia, Pennsylvania.

13. Upon information and belief, it is believed and therefore averred that on the aforementioned date, the aforementioned commercial truck operated by Defendants agent, servant, work-person, and/or employee, who was acting within the scope of his or her agency relationship with Defendants, backed his or her truck into the parked commercial truck which Plaintiff occupied, in a negligent and careless manner, resulting in a serious motor vehicle accident, and as a result of said accident caused injuries and damages to Plaintiff, John Rider.

14. At all relevant times hereto, upon information and belief, Defendants, acted and/or failed to act by and through their respective and/or shared agent, servant, work-person, and/or employee who was acting within the scope of his or her relationship with Defendants.

4

15. Upon information and belief, Defendants, are vicariously liable for the acts of their respective and/or shared agent, servant, work-person, and/or employee, under the doctrine of *respondeat superior.*

16. The aforesaid motor vehicle collision was the result of the negligence, and/or carelessness, of the Defendants jointly and severally and not the result of any action or failure to act by Plaintiff, John Rider.

17. As a result of the accident, Plaintiff, John Rider, suffered serious, severe and permanent bodily injuries as set forth more fully below.

## COUNT I

### John Rider v. John Sauls, NEMF, NEMF Logistics, NEMF World Transport, Eastern Freight Ways, Inc., Carrier Industries, Inc., and Apex Logistics

### Personal Injury–Negligence

18. Plaintiff incorporates by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

19. The negligence, and/or carelessness of the Defendants, consisted, *inter alia,* of the following:

   a. Striking the parked commercial vehicle Plaintiff occupied;

   b. Failure to maintain proper distance between the vehicles;

   c. Operating said vehicle in a negligent, and/or careless manner without regards for the rights or safety of Plaintiff or others;

   d. Failure to have said vehicle under proper and adequate control;

   e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   f. Failure to keep a proper lookout;

5

g.  Failure to apply brakes earlier to stop and/or control said vehicle without striking the vehicle in which Plaintiff occupied;

h.  Being inattentative to his or her duty as an operator of a motor vehicle;

i.  Driving at a high rate of speed which was high and dangerous for conditions;

j.  Failing to remain continually alert while operating said vehicle;

k.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

l.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

m.  Failing to exercise ordinary care to avoid a collision;

n.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

o.  Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant, was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

p.  Continuing to operate said vehicle in a direction towards Plaintiff's vehicle when Defendant, saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

q.  Driving too fast for conditions;

r.  Violating the applicable sections of the Pennsylvania Motor Vehicle Code (75 Pa. C.S. Section 1701 et seq. as amended) which constitute negligence *per se* included but not limited to:
    §3361 Driving vehicle at safe speed; and
    §3714 Careless driving.

s.  operating and/or controlling the motor vehicle in violation of the Ordinances and Statutes of the Commonwealth of Pennsylvania pertaining to the proper operation of motor vehicles by specifically violating 75 Pa. C.S.A. § 1574, by giving permission to a male to drive his vehicle, which resulted in the collision and injuries caused by driver, knowing driver was unauthorized and/or unlicensed to driver and/or operator a motor vehicle; and

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

6

20. Upon information and belief, it is believed and therefore averred that as a direct and consequential result of the negligent, and/or careless conduct of the aforesaid Defendants, Plaintiff, John Rider, suffered various serious and permanent personal injuries which include but are not limited to left shoulder injuries, neck injuries, and back injuries. Plaintiff, John Rider, also suffered a serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and other ills and injuries, all to Plaintiff's great loss and detriment.

21. As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer an indefinite time into the future.

22. As an additional result of the negligence, and/or carelessness of the Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

23. As a further result of Plaintiff's injuries, he has in the past, is presently, and may in the future, undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

**WHEREFORE**, Plaintiff, John Rider, demands judgment against Defendants, John Sauls, NEMF, NEMF Logistics, NEMF World Transport, Eastern Freight Ways, Inc., Carrier Industries, Inc., and Apex Logistics in an amount in excess of $50,000.00, together with interest, costs, attorney's fees, and any other relief this Honorable Court deems fair and appropriate.

### COUNT II

**John Rider v. John Sauls, NEMF, NEMF Logistics, NEMF World Transport, Eastern Freight Ways, Inc., Carrier Industries, Inc., and Apex Logistics**

**Negligent Entrustment and Hiring**

24. Plaintiff incorporates by reference herein the allegations set forth in the

7

aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

25. The negligence and carelessness of Defendants, NEMF, Eastern Freight Ways, Inc., and Carrier Industries, Inc., consisted, *inter alia,* of the following:

    a. Failing to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of their agents and/or employees who they permitted to operate their vehicle;

    b. Failing to exercise reasonable control over their vehicle with respect to the manner in which the vehicle was operated;

    c. Permitting their vehicle to be operated by a person who they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate said vehicle;

    d. Failing to reasonably, properly or adequately supervise their agents and/or employees;

    e. Failing to reasonably and/or properly monitor the safe driving abilities of their agents and/or employees; and

    f. Allowing their agents, servants, work persons and/or employees to operate and/or drive a motor vehicle outside of the applicable sections of the Pennsylvania Motor Vehicle Code.

**WHEREFORE**, Plaintiff, John Rider, demands judgment against Defendants, John Sauls, NEMF, NEMF Logistics, NEMF World Transport, Eastern Freight Ways, Inc., Carrier Industries, Inc., and Apex Logistics in an amount in excess of $50,000.00, together with interest, costs, attorney's fees, and any other relief this Honorable Court deems fair and appropriate.

                                                     Respectfully Submitted,

                                                     SPIVACK & SPIVACK, LLC

BY: _____
       VALERIE A. PEDICONE, ESQUIRE
       Attorney for Plaintiff, John Rider

## VERIFICATION

The undersigned hereby verifies that the facts contained in the foregoing document are true based on first hand information and on information furnished to counsel and obtained in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This Certification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____

Case ID: 170702782